**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **JORGE ALEXANDER MARIN ANZZIANI #A215-627-305** | **CIVIL ACTION NO. 26-1727 SEC P** |
| **VERSUS** | **JUDGE EDWARDS** |
| **TODD M LYONS ET AL** | **MAG. JUDGE LEBLANC** |

## MEMORANDUM ORDER

Before the Court is a Motion for Temporary Restraining Order (R. Doc. 2) filed by Jorge Alexander Marin Anzziani ("Petitioner"). Having carefully considered Petitioner's submissions and the applicable law, his Motion is **DENIED**.

The purpose of a temporary restraining order ("TRO") is to preserve the status quo and prevent irreparable harm until the court makes a final decision on injunctive relief. *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974). It is an extraordinary remedy. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). And "[t]he decision to grant a [TRO] is to be treated as the exception rather than the rule." *Mississippi Power & Light Co. v. United Gas Pipe Line Co.,* 760 F.2d 618, 621 (5th Cir. 1985). To obtain a TRO, an applicant must satisfy the following four elements: (1) substantial likelihood of success on the merits; (2) substantial threat of irreparable injury; (3) the threatened injury outweighs any harm the order might cause to the defendant; and (4) the injunction will not disserve the public interest. *Enrique Bernat F., S.A. v. Guadalajara, Inc.*, 210 F.3d 439, 442 (5th Cir. 2000). Furthermore, "a party who fails

to show a 'substantial likelihood'" of jurisdiction is not entitled to a TRO. *Food & Water Watch, Inc. v. Vilsack*, 808 F.3d 905, 913 (D.C. Cir. 2015).

Petitioner seeks to enjoin his removal from the United States, to prohibit his transfer outside of our jurisdiction, and to compel immediate and full access to insulin and all prescribed medications. *See* R. Doc. 2 at 2. We discuss each in turn.

First, we lack "jurisdiction over claims connected directly and immediately with a decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders." *Imran v. Harper*, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. 2026) (citations omitted). Petitioner's "requested relief, [enjoining his] removal, would necessarily impose a judicial constraint on immigration authorities' decision to remove …, contrary to the purpose of § 1252(g)." *See Viana v. President of United States*, No. 18-222, 2018 WL 1587474, at *2 (D.N.H. Apr. 2, 2018), *aff'd*, 2018 WL 11450369 (1st Cir. June 18, 2018). And "[b]ecause this challenge is tantamount to a challenge to the execution of a removal order, section 1252(g) bars [the Court] from exercising jurisdiction." *Cardoso v. Reno*, 216 F.3d 512, 517 (5th Cir. 2000). Even assuming jurisdiction exists, Petitioner has not demonstrated that his removal is imminent, which is fatal to his request. *See Toribio Vinces v. Mullin*, No. 26-1392, 2026 WL 1196633, at *2 (N.D. Tex. May 1, 2026) (denying TRO because "Petitioner fail[ed] to show any likelihood of irreparable harm from his removal or transfer because he offers no proof that either of those events is imminent or will occur before the court can rule on his habeas petition").

Petitioner's request to prohibit his transfer from our jurisdiction also fails. Our jurisdiction remains even if he is transferred because "jurisdiction attache[s]" upon the filing of a habeas petition. *See Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014); *see also McClure v. Hopper*, 577 F.2d 938, 939–40 (5th Cir. 1978) (jurisdiction attaches upon the filing of a habeas petition); *Sambissa as next friend of Sambissa v. Noem*, No. 25-237, 2025 WL 2946619, at *3 (W.D. Tex. Aug 31, 2025) (holding that a detainee's post-filing relocation did not divest the court of jurisdiction); *Oliveira v. Patterson*,  No. 25-1463, 2025 WL 3091705, at *1 (W.D. La. Oct. 9, 2025) (ruling that the transfer of a petitioner to another facility located within the United States does not affect a court's jurisdiction). Because Petitioner has not alleged facts showing that a transfer would cause immediate or irreparable harm, nor has he provided any authority to enjoin Respondents from transferring Petitioner, his request must be denied. *See Reyes v. Warden Richwood Corr. Ctr.*, No. 26-1121, 2026 WL 978972, at *1 (W.D. La. Apr. 10, 2026)

And insofar as Petitioner's request is a conditions-of-confinement claim on access to medications, it is denied as it does not sound in habeas. *See Ahmed v. Warden*, No. 24-1110, 2024 WL 5104545, at *1 (W.D. La. Sept. 25, 2024), *report and recommendation adopted*, 2024 WL 5495437 (W.D. La. Dec. 11, 2024); *Sarres Mendoza v. Barr*, No. 18-3012, 2019 WL 1227494, at *2 (S.D. Tex. Mar. 15, 2019); *Cureno Hernandez v. Mora*, 467 F.Supp.3d 454, 460 (N.D. Tex. 2020); *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976) (Goldberg, J., concurring) ("The majority holds only that habeas has its boundaries; the writ does not permit us to roam the

judicial range in a farfetched effort to grant declaratory or injunctive relief unrelated to the question of custody."). Rather, "if a favorable determination … would not automatically entitle [the detainee] to accelerated release, the proper vehicle is a § 1983 suit" instead. *Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997). And even if habeas was the appropriate channel, Petitioner has alleged no facts of his current condition or that he will suffer harm that is imminent and probable to warrant the extraordinary relief of a TRO. *See Ojuma v. Barr*, 501 F.Supp.3d 400, 404–06 (N.D. Tex. 2020); *Anderson v. Davila*, 125 F.3d 148, 164 (3d Cir. 1997). Thus, Petitioner has not shown a substantial likelihood of success on the merits, which is "the most important" factor. *See Mock v. Garland*, 75 F.4th 563, 587 n.60 (5th Cir. 2023).

At bottom, entitlement to such extraordinary remedies as those provided under Rule 65, *see Albright v. City of New Orleans*, 46 F.Supp.2d 523, 532 (E.D. La. 1999), must be "unequivocally show[n]," Su*burban Propane, L.P. v. D & S GCTX LLC*, 25-706, 2025 WL 2429087, at *2 (W.D. Tex. May 20, 2025). And "the specific stopgap measures [Petitioner] requests are either beyond our reach or not appropriate." *Abreu v. Warden, Fla. Soft Side S.*, No. 26-1171, 2026 WL 1020865, at *2 (M.D. Fla. Apr. 15, 2026). Petitioner's case will proceed in due course before the Magistrate Judge.

**IT IS ORDERED** that Petitioner's Motion for Temporary Restraining Order (R. Doc. 2) is **DENIED**.

**THUS DONE AND SIGNED** in Chambers this 28th day of May, 2026.

_____
**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**